

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-79,596-01

### EX PARTE CHRIS L. VASQUEZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2008-420,480-A IN THE 140TH DISTRICT COURT
### FROM LUBBOCK COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a habitation and sentenced to forty-five years' imprisonment. The Seventh Court of Appeals affirmed his conviction. *Vasquez v. State*, No. 07-10-00325-CR (Tex. App.—Amarillo 2011, pet. ref'd).

Applicant contends, among other things, that appellate counsel rendered ineffective assistance because he failed to challenge the validity of a restitution order on direct appeal. We remanded this application to the trial court for findings of fact and conclusions of law. The trial court has determined that appellate counsel rendered ineffective assistance. We find that Applicant

is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in cause number 2008-420,480 from the 140th District Court of Lubbock County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues. Applicant's remaining claims are dismissed. *Ex parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.


Delivered: October 30, 2013
Do not publish